IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ANTHONY D. KIRKSEY | ) | CV NO 09-00334 DAE KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CLAYTON FRANK, NOLAN ESPINDA, CLAUDIO BORGE, JR., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANTS CLAYTON FRANK AND NOLAN ESPINDA'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the motion and the supporting memorandum the Court DENIES Defendants Clayton Frank and Nolan Espinda ("Defendants")'s Motion to Dismiss for Failure to Prosecute. (Doc. # 97.)

BACKGROUND

This case arises from events that occurred while pro se Plaintiff Anthony D. Kirksey ("Plaintiff") was incarcerated at the Oahu Community Correctional Center, from October 2007 until December 2008.[1]

---

[1] The facts of this case are well-briefed in the Court's Order: (1) Granting in Part and Denying in Part Defendants' Motion for Summary Judgment and (2) Denying Plaintiff's Motion for Change of Venue, and are repeated here only to the extent they are relevant to this motion.

On July 22, 2009, Plaintiff brought the instant civil rights action pursuant to 42 U.S.C. § 1983, alleging constitutional violations of religious freedom, first amendment speech, and engagement in cruel and unusual punishment. (Doc. # 1.) On September 11, 2009, this Court issued an Order Dismissing Complaint in Part Pursuant to 28 U.S.C. § 1915A. (Doc. # 8.) On October 5 2009, Plaintiff filed a First Amended Complaint. (Doc. # 10.) On October 21, 2009, this Court issued an Order Dismissing First Amended Complaint in Part Pursuant to 28 U.S.C. § 1915. (Doc. # 16.)

On November 17, 2009, Plaintiff filed a Second Amended Complaint ("SAC"), alleging two counts: (Count I) that Plaintiff's First and Fourteenth Amendment rights and rights under RLUIPA were violated because he was denied the right to exercise his religion; and (Count II) that his Eighth Amendment right was violated because he was subjected to cruel and unusual punishment due to overcrowding and lack of opportunities for exercise. (Second Amended Complaint "SAC," Doc. # 21 at 5–6A.) On March 31, 2011, the Court issued an Order: (1) Granting in Part and Denying in Part Defendants' Motion for Summary Judgment and (2) Denying Plaintiff's Motion for Change of Venue ("March 2010 Order"), granting Defendants' Motion for Summary Judgment as to Count I and denying the motion as to Count II. (Doc. # 91.)

Following the entry of the March 2010 Order, Plaintiff requested a status conference regarding the upcoming trial date, set for April 19, 2011, and other upcoming deadlines. (Doc. # 92.) The status conference was held on April 14, 2011, where Plaintiff failed to appear before the Court. (Doc. # 93.) The Court was informed by Plaintiff's family member that Plaintiff "is in transit." (Id.) A further status conference was held on April 18, 2011, where Plaintiff again did not appear and the Court indicated that it had not been able to speak with Plaintiff. (Doc. # 94.) The trial date was continued to June 21, 2011, and at the May 9, 2011 status conference, the Court again reported no communication from Plaintiff. (Doc. # 96.) Counsel for Defendants also indicated that they have had no communication with Plaintiff. (Doc. # 97 at 2.)

On May 10, 2011, Defendants filed the instant Motion to Dismiss for Failure for Prosecute ("Motion"). ("Mot.," Doc. # 97.)

STANDARD OF REVIEW

I. Motion to Dismiss for Failure to Prosecute

Federal Rule of Civil Procedure 41(b) permits a defendant to move for dismissal of an action or claim against the defendant if the plaintiff fails "to prosecute or to comply with [the federal] rules or any order of the court." Fed. R.

3

Civ. P. 41(b). A Rule 41(b) dismissal generally "operates as an adjudication upon the merits." Id.

"District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case." Bautista v. Los Angeles County, 216 F.3d 837, 814 (9th Cir. 2000) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)). Dismissal is a harsh penalty and should only be exercised in extreme circumstances. Id. "In determining whether to dismiss a case for failure to comply with a court order, district courts must weigh five factors: (1) the public interest [in expeditious resolution of the litigation]; (2) the court's need to manage the docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Bautista, 216 F.3d at 841; Yourish v. California Amplifier, 161 F.3d 983, 990 (9th Cir. 1999).

DISCUSSION

Plaintiff has failed to personally communicate with the Court since April 12, 2011. Indeed, the last the Court heard anything from Plaintiff or his family was on April 14, 2011, when the Court was told by Plaintiff's family that he "is in transit." (Doc. # 93.) However, the Court has information that Plaintiff is in custody in the state of Ohio. In light of Plaintiff's delay in communicating with

the Court, as well as Plaintiff's alleged current incarceration in Ohio, the Court will weigh the aforementioned five factors outlined by the Ninth Circuit to determine whether Defendants' Motion should be granted. See Bautista, 216 F.3d at 841; Yourish, 191 F. 3d at 990.

I.    Public Interest in Expeditious Resolution of Litigation

This case was filed almost two years ago, on July 22, 2009. The original trial date was set for April 5, 2011, and was later continued until April 19, 2011. It is in the public's interest for the case to be resolved as close to the original trial date as possible.

II.    Docket Management

It is within the court's power to manage its own docket without being subject to noncompliant litigants. Ferdik, 963 F.2d at 1261. Plaintiff's failure to comply with the set dates for status conferences and trial has already disrupted this Court's calendar as additional status conferences had to be scheduled on April 18, 2011, and May 9, 2011. The Court will reschedule deadlines and hearing and trial dates so long as they do not interfere with the Court's calendar.

III.    Risk of Prejudice to Defendants

Defendants claim they are prejudiced by Plaintiff's inaction because the trial date had to be continued on the eve of trial, because Plaintiff failed to

appear at the April 14 and 18 status conferences, and because Defendants, their witnesses, and counsel, have been preparing for trial and then had to "stand down" at the last minute. (Mot. at 4.)

While the Court recognizes that Plaintiff has been unresponsive in the past month and a half, the Court concludes that Defendants will not be prejudiced if Plaintiff is given a reasonable amount of additional time to proceed with this case.

IV.     Public Policy

It is generally consistent with public policy for cases to be adjudicated on the merits, and not dismissed because of procedural errors. Yourish, 191 F.3d at 992. Defendants present no argument to the contrary.

V.      Less Drastic Alternatives

Defendants argue that the Court has already been very accommodating to Plaintiff by setting up the April 14 status conference at his request and "then being repaid with his absence." (Mot. at 4.) While Plaintiff's failure to appear at status conferences and trial before the Court in the past month and a half has unnecessarily interfered with the Court's docket and delayed an expedient resolution of this matter, the Court concludes that a less drastic alternative to dismissal is appropriate.

For this reason, the Court hereby instructs Plaintiff to contact the Court within 45 days of the filing of this Order. Plaintiff must advise the Court of his circumstances so that the Court may make a determination about whether Plaintiff intends to proceed with this action, and to set a time table for doing so. Additionally, Plaintiff is reminded of his obligation to the Court to update his contact information if it has changed. Finally, if Plaintiff does not prosecute the case or make arrangements to have a lawyer represent him, then the Court will have no other choice but to dismiss the case upon a renewed motion.

## CONCLUSION

For the aforementioned reasons, the Court DENIES Defendants Clayton Frank and Nolan Espinda ("Defendants")'s Motion to Dismiss for Failure to Prosecute. (Doc. # 97.)

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 24, 2011.



David Alan Ezra
United States District Judge

Kirksey v. Frank et al., Cv. No. 09-00334 DAE-KSC; ORDER DENYING DEFENDANTS CLAYTON FRANK AND NOLAN ESPINDA'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE